PAUL MAKI   #1159
888 Mililani Street, 8th Floor
Honolulu, Hawai`i  96813
Tel. No.   (808) 545-1122
Fax          (808) 545-1711
E-mail:    pmaki@makilaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARIE TURNER, <br><br> Plaintiff, <br><br> vs. <br><br> OAHU PHOTOGRAPHY TOURS LLC and ALEXANDER C. WILSON., <br> Defendants. | Civil No. <br><br> COMPLAINT, EXHIBITS A and B, DEMAND FOR JURY TRIAL, SUMMONS |

COMPLAINT

Plaintiff MARIE TURNER, by and for her complaint against defendants OAHU PHOTOGRAPHY TOURS LLC and ALEXANDER C. WILSON, hereby alleges as follows:

JURISDICTION AND VENUE

1.   Jurisdiction and Venue.  This is an action arising under the trademark laws of the United States of America.  This Court has original jurisdiction of this civil action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§

1331, 1338(a) and (b) and 1367 (a).   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

2.  Plaintiff is a resident of the City and County of Honolulu, State of Hawai`i.

3.  Defendant OAHU PHOTOGRAPHY TOURS LLC is a Hawai`i limited liability company having its principal office and place of doing business in the City and County of Honolulu, State of Hawai`i

4.  Defendant ALEXANDER C. WILSON is a resident of the City and County of Honolulu, State of Hawai`i and is the manager of OAHU PHOTOGRAPHY TOURS LLC directly responsible for and controlling, authorizing and directly benefitting from, the operation and activities of OAHU PHOTOGRAPHY TOURS LLC , including specifically the matters alleged herein.

## FACTUAL STATEMENTS

5.  On or about August 1, 2013, plaintiff began using the service mark BLUE HAWAII PHOTO TOURS for arranging and conducting travel, tour guide and sightseeing tours on the Island of Oahu and has continuously used the mark for those purposes through the present date.

6. Plaintiff is the owner of the registration of the BLUE HAWAII PHOTO TOURS mark issued by with the United States Patent and Trademark Office in International Class, Registration Number 4,811,190.

7. Plaintiff advertises and promotes her business using the BLUE HAWAII PHOTO TOURS mark. Such advertising and promotion includes using the mark on plaintiff's website at bluehawaiiphototours.com which plaintiff caused to be registered on January 15, 2013.

8. Defendants have adopted and are using plaintiff's BLUE HAWAII PHOTO TOURS mark or a mark substantially similar thereto and likely to cause confusion therewith for the purpose of directing business to their own tour business on the Island of Oahu. Such use by defendants includes: (a) Defendants' registration of the domain name bluehawaiiphototour.com, which was registered on June 30, 2014, and the publication of a website at that address which promotes defendants' tour business, and (b) publicizing defendants' their business using the mark on social media..

9. Plaintiff and defendants conduct separate tour guide

businesses that are in direct competition with each other.  Each promotes its business to substantially the same customers, tourists visiting Hawai`i.

10.   Defendants registered, adopted, and are using the domain name bluehawaiiphototour.com and are otherwise using the mark substantially identical to plaintiff's mark with full knowledge that plaintiff was and is conducting business as BLUE HAWAII PHOTO TOURS and for the intended purpose of improperly securing customers intended for plaintiff which purpose has been successful.

11.   Plaintiff has not authorized or consented to this adoption and use by defendants..

12.   Plaintiff has demanded that defendants cease such use.  Notwithstanding plaintiff's demands, defendants' use continues.

13    Defendants' adoption and use of the mark substantially identical to plaintiff's mark have caused plaintiff, and continue to cause plaintiff, significant and irreparable injury in that she unable to reap the commercial value or control the use to which plaintiff's mark is put.

## COUNT I

## INFRINGEMENT OF TRADEMARK AND TRADE DRESS

14   Plaintiff here realleges that allegations set forth in paragraphs 1-13 hereof, with like effect as if the same were set forth here in full.

15   This Count arises under §§ 32 and 43(a) of the Lanham Act [15 U.S.C. §§1114 and 1125(a)].

16   Plaintiff's mark is distinctive and is the exclusive property of plaintiff, with no one, including specifically the defendants, having the right to its, or the use of any mark likely to be confused therewith, without plaintiff's consent and authorization.

17   Defendants' use has caused confusion and is likely to cause further confusion and mistake and to deceive consumers as to plaintiff's endorsement, association and/or sponsorship of the services offered by defendants.

18.   By the actions alleged above, defendants have infringed and will continue to infringe plaintiff's mark, and such use is likely to cause further confusion and mistake and to deceive consumers as to the endorsement, association and/or sponsorship of defendants services by plaintiff.

19. Defendants' use subjects plaintiff's valuable good will and reputation to the hazards and perils of defendants' business activities, over which plaintiff has no control.

20. Defendants' use has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that defendants' services are those being offered by plaintiff or are associated with or endorsed by plaintiff, thus causing immediate and substantial irreparable harm to plaintiff and to the valuable goodwill and reputation which plaintiff has established in plaintiff's BLUE HAWAII PHOTO TOURS mark.

21. Plaintiff, having no adequate remedy at law, is entitled to an injunction restraining defendants, its officers, directors, members, managers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of the trademark laws.

## COUNT II

## DECEPTIVE TRADE PRACTICES

22. Plaintiff here realleges the allegations set forth in paragraphs 1-21 above with like effect as if the same were set forth here in full.

23.     This Count arises under the Hawai`i Uniform Deceptive Trade Practices Act, Chapter 481A, Hawai`i Revised Statutes.

24.     Defendants's adoption and use of a mark substantially identical to plaintiff's mark have caused and are likely to cause further confusion or of misunderstanding as to the endorsement, sponsorship, or approval of defendants's services and the affiliation, connection or association of defendants' services with plaintiff.

25.     Defendants' use is likely to subject plaintiff's valuable good will and reputation to the hazards and perils of defendants's activities, over which plaintiff has no control.

26.     Defendants' use has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that defendants' services are those being offered by plaintiff or are associated with or endorsed by plaintiff, thus causing irreparable injury and damage to plaintiff and to the public.  Such unfair competition and infringement will continue unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT III

## UNFAIR METHODS OF COMPETITION

27. Plaintiff here realleges the allegations set forth in paragraphs 1-26 above with like effect as if the same were set forth here in full.

28. This Count arises under Sections 480-2 and 480-13, Hawai`i Revised Statutes.

29. The actions of defendants as set forth above constitute unfair methods of competition prohibited by Section 480-2, Hawai`i Revised Statutes.

## COUNT IV

## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

30. Plaintiff here realleges the allegations set forth in paragraphs 1-29 above with like effect as if the same were set forth here in full.

31. The wrongful acts of defendants as herein alleged constitute unfair competition and an infringement of plaintiff's rights under common law. Such unfair competition and infringement will continue unless enjoined by this Court.

## COUNT VI

### MONETARY RECOVERY

32. Plaintiff here realleges the allegations set forth in paragraphs 1-31 above with like effect as if the same were set forth here in full.

33. As a direct and proximate result of the foregoing, plaintiff has been damaged, and defendants have profited.

34. Plaintiff is entitled to a monetary award equal to her damages and defendants' profits. The amount of such damages and profits are not presently known to plaintiff, but plaintiff will, with leave of the Court, prove them at trial.

35. Defendants' adoption and use as alleged above, which have continued after plaintiff's demand that such use cease, were done by defendants willfully, intentionally and/or with reckless disregard to plaintiff's rights entitling plaintiff to an award of punitive or exemplary damages in such amount as the jury may find to be appropriate.

WHEREFORE, plaintiff prays that judgment be entered in her favor as follows:

      A.      Enjoining defendants and their members, officers, directors, managers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from infringing plaintiff's mark by:

      (1)      Using on or in connection with the offering of any services BLUE HAWAII PHOTO TOUR or any other mark or name likely to be confused with plaintiff's BLUE HAWAII PHOTO TOURS mark; and

      (2)      misappropriating that which rightfully belongs to plaintiff;

      B.      Requiring that defendants cancel their registration of the domain name bluehawaiiphototour.com, or, at plaintiff's option, transfer said registration to plaintiff;

      C.      Awarding plaintiff defendants' profits and plaintiff's losses and damages caused by the defendants's actions pursuant to 15 U.S.C. Section 1117;

      D.      Awarding plaintiff the amount of money necessary to run a corrective advertising campaign;

      E.      Awarding plaintiff, pursuant to § 480-13(a), H.R.S., treble the amount of damages sustained;

  F. Awarding plaintiff such punitive or exemplary damages against the defendants as the Court deems appropriate; and

  G. Awarding plaintiff her costs and attorneys' fees, together with such other and further relief as may be appropriate under the circumstances.

  DATED:  Honolulu, Hawai`i, January 25, 2016.

      /s/ Paul Maki
      Attorney for Plaintiff